

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00316-CV

_____

URFAN CHAUDHARY, Appellant

V.

DURESAMEEN SHEIKH, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 23-5501-442

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Urfan Chaudhary attempts to appeal from the trial court's "Final Decree of Divorce and Order for Conservatorship and Child Support" (the Judgment) signed on March 5, 2025. Because Chaudhary timely filed a motion for new trial, his notice of appeal was due June 3, 2025—ninety days after the Judgment's signing. *See* Tex. R. App. P. 26.1(a)(1). But Chaudhary did not file his notice of appeal until July 1, 2025, making it untimely. *See id.*

We notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.* We warned that we could dismiss this appeal for want of jurisdiction unless Chaudhary or any party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Chaudhary responded to our letter by filing a "Motion to Extend Time to Accept Appellant's Appeal" (the Motion).[1] In the Motion, Chaudhary's counsel indicated that he had inadvertently calendared the wrong deadline for the notice of appeal, and Chaudhary requested that we extend the time for him to file his notice of appeal.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676,

---

[1]The Motion was filed on July 14, 2025.

677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). An extension request is timely if it is made within fifteen days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3. Here, the Motion was untimely because it was not made within fifteen days of Chaudhary's deadline for filing the notice of appeal. *See id.*

Because Chaudhary's notice of appeal was untimely—as was his Motion—we deny his Motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Mornes v. Cooper*, No. 02-23-00439-CV, 2024 WL 45070, at *1 (Tex. App.—Fort Worth Jan. 4, 2024, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when appellant's notice of appeal and motion for extension of the time to file her notice of appeal were untimely).

/s/ Dana Womack

Dana Womack
Justice

Delivered: July 31, 2025

3